# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at PIKEVILLE

**Civil Action No. 20-30**

**BRENDA STANLEY,**                                                              **PLAINTIFF,**

**v.**               **MEMORANDUM OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on October 28, 2015, alleging disability beginning on October 18, 2015, due to degenerative disc disease, loss of mobility, irritable bowel syndrome, arthritis, bulging discs in back and numbness/tingling in legs and feet (Tr. 209).

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Maria Hodges (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina K. Baldwin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

>Step 1: If the claimant is performing substantial gainful work, he is not disabled.

>Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

>Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

>Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

On appeal, Plaintiff's only contention is that the ALJ and Appeals Council abused their discretion in excluding evidence of a prescription for wrist braces that Plaintiff submitted to the ALJ at the hearing.

Under 20 C.F.R. § 404.935(a), a claimant "must inform us about or submit any written evidence ... no later than 5 business days before the date of the scheduled hearing." 20 C.F.R.

§ 404.935(a). If a claimant fails to comply with this requirement, the ALJ may decline to consider or obtain the evidence, unless one of the exceptions in 20 C.F.R. § 404.935(b) applies. § 404.935(a).

Where the ALJ has not yet issued a decision, the ALJ will accept the evidence where the claimant did not comply with § 404.935(a) because: (1) the claimant was misled by some action of the agency; (2) the claimant had a physical, mental, educational, or linguistic limitation that prevented the claimant from informing the agency about or submitting the evidence earlier; or (3) some other unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented the claimant from informing the agency about or submitting the evidence earlier. 20 C.F.R. § 404.935(b)(1)-(3). Examples of unavoidable circumstances include: (1) the claimant was prevented from contacting the agency due to his or her own serious illness; (2) there was a death or serious illness in the claimant's immediate family; (3) important records were destroyed or damaged by fire or other accidental cause; or (4) the claimant actively and diligently sought evidence from a source and the evidence was not received or was received less than five business days prior to the hearing. 20 C.F.R. § 404.935(3)(i)-(iv).

Here, Plaintiff's counsel submitted the prescription to the ALJ at the July 27, 2018 hearing. There is no suggestion that Plaintiff's visit to the APRN eight days before the hearing was an emergency; she likely scheduled the visit well in advance. Plaintiff or her attorney could have timely informed the ALJ that she was seeing a medical provider a week before the hearing, and they anticipated submitting the record of that visit to the ALJ. Such notice would have met the requirements of the five-day rule.

Nor is there evidence which would satisfy the requirements of the exceptions to the five-

day rule.

Further, there is no indication in the record that carpal tunnel was an issue – Plaintiff did not claim she had it and no medical provider in the record discussed it. The presentation of the prescription for a wrist brace presented **at the hearing** is the first and only indication of this allegedly disabling condition.

Plaintiff did not submit the evidence to the ALJ five days prior to the hearing in compliance with the 5-day rule, and she has not demonstrated that her untimeliness was excusable under the relevant regulation, the ALJ reasonably declined to consider it. 20 C.F.R. § 404.935. *Prichard v. Commissioner of Social Security*, no. 19-cv-573 (S.D. Ohio W.D.) 2020 WL 5544412 at *4 (September 16, 2020). *See also Albert v. Commissioner of Social Security*, no. 2:18-cv-907 (S.D. Ohio E.D.) 2019 WL 2912091 at *4 (July 8, 2019). Accordingly, the ALJ's decision is substantially supported in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 13th day of May 2021.



Signed By:
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**